particular street, a broken swing set in a park, a pothole in a street, or a light pole placed too close to the roadway is a "nuisance" as contemplated in R.C. 723.01. In the case at bar, the contention by appellants is that city officials were aware that persons were engaged in the activity of hitting golf balls in a public park where such activity was prohibited. The allegation is that the officials' failure to act to prevent such activity constituted a nuisance in violation of R.C. 723.01.

I believe that various expansive definitions and applications given the term "nuisance" (as used in R.C. 723.01) vis-a-vis cities are improper and misplaced.[1] With respect to municipal corporations, the word "nuisance" is a term of art and has a particular meaning. We should meet this issue and settle the question—regardless of the outcome. Until we do, repetition of the issue is a certainty.

Accordingly, I respectfully dissent from the denial by the majority of appellants' appeal as to the city of Euclid.

SWEENEY, J., concurs in the foregoing dissenting opinion.

---

[1] R.C. 3767.01 provides, in pertinent part:

"As used in *all* sections of the Revised Code relating to nuisances:

"* * *

"(C) 'Nuisance' means that which is *defined* and *declared* by *statutes* to be such * * *." (Emphasis added.)

---

## IN RE RESIGNATION OF SHELDON.

[Cite as In re Resignation of Sheldon (1989), 43 Ohio St. 3d 604.]

(No. 89-572—Submitted April 11, 1989—Decided May 17, 1989.)

The resignation of Carey S. Sheldon as an attorney is accepted.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

## MARSHALL ET AL., APPELLEES, *v.* HILLS, D.B.A. GARY HILLS INSURANCE AGENCY; MOTORISTS INSURANCE COMPANIES, APPELLANT.

[Cite as Marshall *v.* Hills (1989), 43 Ohio St. 3d 604.]

(No. 88-807—Submitted April 11, 1989—Decided May 17, 1989.)

*Tuccillo, Wilson & Slater* and *David C. Engle,* for appellees.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Orville L. Reed* and *James M. Lyons, Jr.,* for appellant.

This appeal is dismissed, *sua sponte,* as having been improvidently allowed.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.